**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TRISTA KINCAID,** | ) | |
| | ) | **JURY DEMAND** |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **vs.** | ) | |
| | ) | **Judge:** |
| **WAYNE HALFWAY HOUSE INC.** | ) | |
| **d/b/a ASPEN YOUTH ACADEMY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1. Plaintiff, Trista Kincaid ("Kincaid" or "Plaintiff"), by counsel, brings this action against Defendant, Wayne Halfway House Inc. d/b/a Aspen Youth Academy ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq*. and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101.

## II. PARTIES

2. Kincaid is a resident of Perry County, Tennessee, who at all relevant times to this action resided within the geographical boundaries of the Western District of Tennessee.

3. Defendant is a For-Profit Corporation that maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee – Humphreys County.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5(f)(3); and the THRA.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and the THRA.

6. Kincaid was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and the THRA.

7. Kincaid satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination (Charge No. 494-2026-00674) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her sex and retaliation. Kincaid received her Notice of Suit Rights and timely files this action.

8. Kincaid's state law claim arises from the same common nucleus of operative facts as her federal law claim and both of her claims form a single case and controversy under Article III of the United States Constitution.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## IV. <u>FACTUAL ALLEGATIONS</u>

10. Kincaid, who is female, was hired by Defendant on or about September 11, 2025, as a Youth Service Officer at Aspen Youth Academy.

11. At all relevant times, Kincaid met or exceeded Defendant's legitimate performance expectations.

12. Throughout her employment, Kincaid was subjected to sexual harassment by her direct supervisors, Seth Mangrum ("Mangrum") and Katrina Kail ("Kail"), while working the overnight shift.

13. On or about October 9, 2025, Kincaid was confronted by Mangrum and Kail during a smoke break. They remarked upon Kincaid's physical appearance, stating "you are so adorable and sexy," and asked her if she wanted to participate in a threesome with them. Kincaid was shocked and uncomfortable as she, Mangrum, and Kail were each in relationships. She declined the invitation, left the smoking area, and returned to work.

14. On or about October 12, 2025, Kincaid's partner messaged Mangrum regarding Mangrum's inappropriate sexual advances toward Kincaid.

15. On or about October 13, 2025, Mangrum and Kail began to treat Kincaid differently. The two would often ignore Kincaid, walk past her laughing, and shut doors as she came in behind them.

16. On or about October 15, 2025, Kincaid engaged in protected activity and reported sexual harassment and disparate treatment by her night shift supervisors to Facility Administrator, William Hutchinson ("Hutchinson"), and Human Resources Representative, Bethany Wilson ("Wilson"). Kincaid also requested to be transferred to first shift to avoid Mangrum and Kail.

17. Hutchinson and Wilson offered Kincaid two (2) days off without pay, which Kincaid declined, as she could not afford the loss of income. Kincaid was transferred to second shift under the supervision of Chase LNU ("Chase") and Chumley LNU ("Chumley"). Defendant took no further corrective action.

18. On or about October 19, 2025, while on a smoke break, Chumley yelled at Kincaid, stating she "better not have tobacco on the property." Kincaid was thereafter sent home and issued a written disciplinary notice for possession of cigarettes, notwithstanding that Kincaid

had previously taken smoke breaks without incident or objection. Kincaid subsequently filed a grievance contesting the disciplinary write-up.

19. Upon information and belief, numerous other male employees openly possessed and used tobacco products on Defendant's premises without consequence, including: Mangrum, who openly chewed and spat tobacco; Hobbs LNU, who used chewing tobacco pouches; and at least one (1) additional employee who regularly used a vaping device.

20. On or about October 21, 2025, Kincaid returned to work and was again issued a written disciplinary notice. Kincaid was disciplined for wearing dress pants, notwithstanding that Kincaid had been advised during training that she would be afforded two (2) pay periods within which to obtain the required pants. Upon information and belief, Connor LNU and at least one (1) other male employee on second shift were permitted to wear sweatpants without consequence.

21. Later that day, Wilson emailed Kincaid a separation notice indicating that Kincaid had resigned. Kincaid had not resigned and promptly responded to Wilson requesting that the separation notice be corrected. Kincaid also identified Mangrum and Kail as the supervisors who had harassed her.

22. Similarly situated employees outside of Kincaid's protected class were not terminated for similar or worse conduct.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I: TITLE VII & THRA – SEX DISCRIMINATION</u>

23. Kincaid hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Kincaid is female.

25. Defendant unlawfully discriminated against Kincaid by subjecting her to disparate treatment and by terminating her employment on the basis of her sex.

26. Defendant's actions were intentional, willful, and taken in reckless disregard of Kincaid's rights as protected by Title VII and the THRA.

27. Kincaid has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

**COUNT II: TITLE VII & THRA – SEXUAL HARASSMENT**

28. Kincaid hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29. Kincaid was sexually harassed and subjected to a hostile work environment.

30. Defendant's actions were willful, intentional, and taken in reckless disregard of Kincaid's rights as protected by Title VII and the THRA.

31. Kincaid has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

**COUNT III: TITLE VII & THRA – RETALIATION**

32. Kincaid hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein.

33. Kincaid engaged in protected activity when she complained of harassment and a hostile work environment.

34. Defendant retaliated against Kincaid for engaging in protected activity by subjecting and/or allowing Kincaid to be subjected to disparate treatment and increased scrutiny and by terminating her employment.

35. Defendant's actions were willful, intentional, and taken in reckless disregard of Kincaid's rights as protected by Title VII and the THRA.

36. Kincaid has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Trista Kincaid, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their sex and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII and the THRA;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: */s/ Madalyn Lester*
Madalyn Lester, TBPR No. 042798
Kyle F. Biesecker, TBPR No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
Email: mjohnson@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Trista Kincaid, by counsel, requests a trial by jury on all issues deemed so triable.

By: */s/ Madalyn Lester*
Madalyn Lester, TBPR No. 042798
Kyle F. Biesecker, TBPR No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
Email: mjohnson@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff*